# EXHIBIT 8

**EXHIBIT 8**

STATE OF NORTH CAROLINA

ORANGE COUNTY

SINGLETON VISION CENTER, P.A.,

Plaintiff,

v.

BLUE CROSS AND BLUE SHIELD OF
NORTH CAROLINA

Defendant.

IN THE GENERAL COURT OF
JUSTICE
SUPERIOR COURT DIVISION
24-CVS-3514-670

NOTICE TO STATE COURT
OF REMOVAL OF ACTION

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441, 1442, and 1446, Defendant Blue Cross and Blue Shield of North Carolina, through counsel, has removed this action to the United States District Court for the Middle District of North Carolina. This notice is provided pursuant to 28 U.S.C. § 1446(d) and a copy of the Notice of Removal is attached hereto as Exhibit 1.

Respectfully submitted this the 21st day of March, 2025.

/s/ *Chase H. Stevens*
Bradley A. Roehrenbeck (N.C. Bar # 34180)
Chase H. Stevens (N.C. Bar # 55099)
Kilpatrick Townsend & Stockton LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone: (336) 607-7323
Facsimile: (336) 900-2052
broehrenbeck@ktslaw.com
chstevens@ktslaw.com

*Attorneys for Blue Cross and Blue Shield of North Carolina*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing NOTICE TO STATE COURT OF
REMOVAL OF ACTION was served upon counsel of record by email and by
depositing a copy thereof in the United States mail, postage prepaid and addressed
as follows:

    Bruce W. Berger
    W. Stacy Miller, II
    Miller Law Group, PLLC
    2424 Glenwood Avenue
    Raleigh, NC 27608
    Telephone: (919) 348-4361
    Facsimile: (919) 729-2953
    bruce@millerlawgroupnc.com
    stacy@millerlawgroupnc.com

    *Attorneys for Plaintiff*


This the 21st day of March, 2025.


                              /s/ *Chase H. Stevens*
                              Bradley A. Roehrenbeck (N.C. Bar # 34180)
                              Chase H. Stevens (N.C. Bar # 55099)
                              Kilpatrick Townsend & Stockton LLP
                              1001 West Fourth Street
                              Winston-Salem, NC 27101-2400
                              Telephone:  (336) 607-7323
                              Facsimile:   (336) 900-2052
                              broehrenbeck@ktslaw.com
                              chstevens@ktslaw.com

                              *Attorneys for Defendant*
                              *Blue Cross and Blue Shield of North Carolina*

2

# STATE OF NORTH CAROLINA

_____Orange_____ County

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| **Name Of Plaintiff**<br>Singleton Vision Center, P.A.<br>**Address**<br>c/o Miller Law Group, PLLC, 2424 Glenwood Avenue, Ste 201<br>**City, State, Zip**<br>Raleigh, NC 27608 | **CIVIL SUMMONS**<br>☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |

### VERSUS

G.S. 1A-1, Rules 3 and 4

| | |
|---|---|
| **Name Of Defendant(s)**<br>Blue Cross and Blue Shield of North Carolina | **Date Original Summons Issued**<br><br>**Date(s) Subsequent Summons(es) Issued** |

**To Each Of The Defendant(s) Named Below:**

| | |
|---|---|
| **Name And Address Of Defendant 1**<br>Blue Cross and Blue Shield of North Carolina<br>c/o CT Corporation System<br>160 Mine Lake Ct, Ste. 200<br>Raleigh, NC 27615 | **Name And Address Of Defendant 2** |

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| | | |
|---|---|---|
| **Name And Address Of Plaintiff's Attorney (If none, Address Of Plaintiff)**<br>Bruce W. Berger<br>W. Stacy Miller, II<br>2424 Glenwood Avenue, Suite 201<br>Raleigh, NC 27608 | **Date Issued**<br>12/9/2024 8:34 am<br>**Signature**<br>Christopher Perryman | **Time**<br>☐ AM ☐ PM |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| | | |
|---|---|---|
| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | **Date Of Endorsement**<br><br>**Signature** | **Time**<br>☐ AM ☐ PM |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** _Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration and, if so, what procedure is to be followed._

(Over)

AOC-CV-100, Rev. 12/23
© 2023 Administrative Office of the Courts

| | RETURN OF SERVICE | |
|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 1. ☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 2. ☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 12/23
© 2023 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

_____ Orange _____ County

▶ *File No.* 24CV003514-670

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| | |
|---|---|
| *Name And Address Of Plaintiff 1*<br>Singleton Vision Center, P.A.<br>c/o Miller Law Group, PLLC<br>2424 Glenwood Avenue, Suite 201<br>Raleigh, NC 27608<br>*Name And Address Of Plaintiff 2* | **GENERAL<br>CIVIL ACTION COVER SHEET**<br><br>☒ INITIAL FILING  ☐ SUBSEQUENT FILING |

<em>Rule 5(b) of the General Rules of Practice for the Superior and District Courts</em>

### VERSUS

| | |
|---|---|
| *Name And Address Of Defendant 1*<br>Blue Cross and Blue Shield of North Carolina<br>c/o CT Corporation System<br>160 Mine Lake Ct., Ste. 200<br>Raleigh, NC 27615 | *Name And Address Of Attorney Or Party, If Not Represented*<br>*(complete for initial appearance or change of address)*<br>Bruce W. Berger<br>Miller Law Group, PLLC<br>2424 Glenwood Avenue, Suite 201<br>Raleigh, NC 27608 |

*Summons Submitted*  ☒ Yes  ☐ No

*Name And Address Of Defendant 2*

*Summons Submitted*  ☐ Yes  ☐ No

| *Telephone No.* 919-348-4361 | *Cellular Telephone No.* |
|---|---|
| *NC Attorney Bar No.* 14470 | *Attorney Email Address* bruce@millerlawgroupnc.com |

☒ Initial Appearance In Case  ☐ Change of Address

| *Name Of Firm* Miller Law Group, PLLC | *Fax No.* 919-729-2953 |
|---|---|

*Counsel For*
☒ All Plaintiffs  ☐ All Defendants  ☐ Only: *(list party(ies) represented)*

☒ Jury Demanded In Pleading  ☐ Complex Litigation  ☐ Stipulate to Arbitration

### TYPE OF PLEADING

*(check all that apply)*

☐ Amend (AMND)
☐ Amended Answer/Reply (AMND-Response)
☐ Amended Complaint (AMND)
☐ Assess Costs (COST)
☐ Answer/Reply (ANSW-Response) *(see Note)*
☐ Change Venue (CHVN)
☒ Complaint (COMP)
☐ Confession Of Judgment (CNFJ)
☐ Consent Order (CONS)
☐ Consolidate (CNSL)
☐ Contempt (CNTP)
☐ Continue (CNTN)
☐ Compel (CMPL)
☐ Counterclaim (CTCL) *Assess Court Costs*
☐ Crossclaim *(list on back)* (CRSS) *Assess Court Costs*
☐ Dismiss (DISM) *Assess Court Costs*
☐ Exempt/Waive Mediation (EXMD)
☐ Extend Statute Of Limitations, Rule 9 (ESOL)
☐ Extend Time For Complaint (EXCO)
☐ Failure To Join Necessary Party (FJNP)

☐ Failure To State A Claim (FASC)
☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
☐ Improper Venue/Division (IMVN)
☐ Including Attorney's Fees (ATTY)
☐ Intervene (INTR)
☐ Interplead (OTHR)
☐ Lack Of Jurisdiction (Person) (LJPN)
☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
☐ Modification Of Child Support In IV-D Actions (MSUP)
☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
☐ Petition To Sue As Indigent (OTHR)
☐ Rule 12 Motion In Lieu Of Answer (MDLA)
☐ Sanctions (SANC)
☐ Set Aside (OTHR)
☐ Show Cause (SHOW)
☐ Transfer (TRFR)
☐ Third Party Complaint *(list Third Party Defendants on back)* (TPCL)
☐ Vacate/Modify Judgment (VCMD)
☐ Withdraw As Counsel (WDCN)
☐ Other *(specify and list each separately)*

**NOTE:** *All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.*

(Over)

AOC-CV-751, Rev. 3/19, © 2019 Administrative Office of the Courts

| | CLAIMS FOR RELIEF | |
|---|---|---|
| ☐ Administrative Appeal (ADMA)<br>☐ Appointment Of Receiver (APRC)<br>☐ Attachment/Garnishment (ATTC)<br>☐ Claim And Delivery (CLMD)<br>☐ Collection On Account (ACCT)<br>☐ Condemnation (CNDM)<br>☒ Contract (CNTR)<br>☐ Discovery Scheduling Order (DSCH)<br>☐ Injunction (INJU) | ☐ Limited Driving Privilege - Out-Of-State<br>   Convictions (PLDP)<br>☐ Medical Malpractice (MDML)<br>☐ Minor Settlement (MSTL)<br>☐ Money Owed (MNYO)<br>☐ Negligence - Motor Vehicle (MVNG)<br>☐ Negligence - Other (NEGO)<br>☐ Motor Vehicle Lien G.S. Chapter 44A (MVLN)<br>☐ Possession Of Personal Property (POPP) | ☐ Product Liability (PROD)<br>☐ Real Property (RLPR)<br>☐ Specific Performance (SPPR)<br>☐ Other *(specify and list each separately)* |

| Date | Signature Of Attorney/Party |
|---|---|
| 12/19/2024 | |

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s)   ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

AOC-CV-751, Side Two, Rev. 3/19
© 2019 Administrative Office of the Courts

NORTH CAROLINA

ORANGE COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
24 CVS

| | |
|---|---|
| SINGLETON VISION CENTER, P.A., | ) |
| | ) |
| Plaintiff. | ) |
| | ) |
| vs. | ) |
| | ) |
| BLUE CROSS AND BLUE SHEILD OF | ) |
| NORTH CAROLINA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

COMPLAINT
(Jury Trial Demanded)

For its complaint against the defendant, Blue Cross and Blue Shield of North Carolina (hereafter "BCBS"), plaintiff, Singleton Vision Center, P.A. (hereafter "Singleton") hereby states as follows:

## PARTIES

1.      At all relevant times, Singleton was a professional association providing eye care services, with its principal place of business in New Bern, Craven County, North Carolina.

2.      At all relevant times, BCBS was a North Carolina corporation which was in the business of providing health insurance to individuals.

## JURISDICTION AND VENUE

3.      This court has personal jurisdiction over the parties, both North Carolina entities and both doing business in North Carolina.

4.      This court has subject matter jurisdiction over this matter which, at its essence, is a breach of contract case.

1

5.　　　Venue is proper in Orange County, pursuant to paragraph 6.7 of the agreement entered into between the parties, referenced below.

## UNDERLYING FACTS

6.　　　On or about February 4, 2016, Singleton and BCBS entered into a contract, entitled "Network Participation Agreement-Professional".

7.　　　Pursuant to the terms of the contract, Singleton agreed to provide certain professional services to "Members" of BCBS "network" and to make certain services available to the Members of the BCBS network.

8.　　　In consideration for the provision of professional services, the contract set forth the manner and amount Singleton was to be paid by BCBS for the provision of those services.

9.　　　Pursuant to and in reliance on the contract, Singleton began treating BCBS Members shortly after the contract was signed on February 4, 2016 and has continued to treat BCBS Members pursuant to and reliance on the contract to the present, without any break in time.

10.　　　On or about February 25, 2024, Singlton and BCBS entered into a "First Amendment" to the contract, to become effective May 1, 2024.

11.　　　The First Amendment to the contract changed the reimbursement rate Singleton would receive for certain services.

## BREACH OF CONTRACT

12.　　　As set forth in the contract between the parties, as Singleton provided health care for BCBS Members, Singleton billed BCBS in accordance with the terms of the contract.

2

13.     Under the terms of the contract between the parties, BCBS was to "process all claims for benefits for services and/or supplies provided to Members" and pay Singleton for those services and supplies in accordance with the rate schedule set forth in the contract.

14.     In or about January, 2017, Singleton began submitting claims to BCBS for services it provided under the contract to BCBS Members.

15.     In or about Spring 2017, Singleton noticed that, on many claims it submitted to BCBS under the contract and continuing to at least the date of this complaint, BCBS failed to pay Singleton in accordance with the terms of the contract.

16.     Rather, on many claims, beginning in or about early 2017 and continuing through at least as of the date of this complaint, BCBS has underpaid Singleton for the services it has performed for BCBS Members.

17.     Each instance of BCBS underpaying Singleton the agreed upon amount BCBS owes to Singleton for the services Singleton has performed for BCBS Members, is a separate breach of contract, a continuing wrong, such that the breach of contract that began in or about early Spring, 2017 has continued and is continuing through at least the date of this complaint.

18.     On many occasions from 2017 to the present, Singleton contacted BCBS and advised BCBS that it was not paying Singleton for services rendered to BCBS Members in accordance with the agreed upon reimbursement rate set forth in the contract.

19.      Despite Singleton's repeated notices to BCBS that it was not being reimbursed at the contract rate for many of the services Singleton performed for BCBS members, BCBS continued to underpay Singleton.

3

## CONTRACT DAMAGES

20. As a direct and proximate breach of its obligation under the contract it entered into with Singleton beginning on or about February 4, 2016, continuing through at least the date of this complaint, BCBS underpaid Singleton for services Singlton provided to BCBS Members on an estimated 2000 different dates, in the principal amount of approximately $1,700,000 (one million, seven hundred thousand dollars), plus interest at the legal rate running as of the date of each separate breach, until paid.

## UNFAIR AND DECEPTIVE TRADE PRACTICES

21. The previous paragraphs of this complaint are incorporated by reference.

22. Under the provisions of North Carolina General Statute § 75-1.1, unfair methods of competition in or affecting commerce and unfair or deceptive acts or practices in or affecting commerce are unlawful.

23. The contract and actions contemplated by the contract between Singleton and defendant affect commerce.

24. By its continued underpayment to Singleton on numerous occasions (estimated to be approximately $1,700,000 on an estimated 2000 different dates of service), beginning in or about Spring, 2017 and continuing through the date of this complaint, defendant has committed on going unfair or deceptive acts and practices, in that:

   a. defendant's actions have been and remain immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers by its continued payment to Singleton for services rendered in accordance with the contract entered into by the parties

4

in amounts less than agreed to, for at least 7 years, despite being put on notice on many different occasions that it was underpaying Singleton for services Singleton performed for defendant's Members under the contract;

     b.     defendant's actions amount to an inequitable assertion of its power or position by unilaterally and continually failing to pay Singleton for work done on behalf of defendant's Members in accordance with the agreed upon reimbursement schedule; and

     c.     defendant's actions in sending reimbursement to Singleton, repeatedly over many years, in an amount less than the rate agreed upon in the contract entered into by the parties and failing to correct the underpayments after being put on notice of the same had the capacity and tendency to deceive Singleton into accepting an amount less than agreed to.

25.     Defendant's actions had the tendency and capacity to mislead Singleton since, unless Singleton examined each and every bill reimbursement, it would not have known it was being reimbursed for services it had rendered to defendant's Members in amounts less than those agreed to in the contract between the parties.

26.     Defendant's repeated attempt to reimburse Singleton for the services performed on defendant's Members for less than the contract amount was unfair.

27.     Defendant's failure to correct the reimbursement payments to Singleton and its continued underpayment, while Singleton continued to provide contract services to defendant's Members, even after Singlton requested defendant to comply with the contract terms, is further evidence of defendant's unfairness.

5

## DAMAGES FOR UNFAIR AND DECEPTIVE TRADE PRACTICES

28.     As a direct and proximate result of defendant's actions as set forth above, Singleton was underpaid for the services it performed for defendant's Members in accordance with the contract between the parties in the principal amount of approximately $1,700,000 (one million, seven hundred thousand dollars), over a period of over 7 years.

29.     As a direct and proximate result of defendant's repeated actions as set forth above, in violation of North Carolina statutory and case law, plaintiff's damages should be trebled and plaintiff should be awarded its costs and expenses, including attorneys' fees.

Wherefore, Singleton respectfully prays that:

a.  This case be tried by a jury as to all matters so triable;

b.  It be awarded damages for defendant's repeated breach of contract in the approximate amount of $1,700,000, plus interest at the legal rate running from the date of each breach until paid;

c.  It be awarded treble damages for defendant's violation of the North Carolina Unfair and Deceptive Trade Practices act, plus interest, until paid;

d.  For attorneys' fees and costs as allowed by law; and

e.  For such other and additional relief as the Court may deem appropriate.

Dated, this the 19th day of December 2024

**MILLER LAW GROUP, PLLC**

By:

Bruce W. Berger
NC State Bar No.: 14470

W. Stacy Miller, II
NC State Bar No: 21198

2424 Glenwood Avenue
Raleigh, NC 27608
Telephone: 919-348-4361
Facsimile: 919-729-2953
Email: bruce@millerlawgroupnc.com
        stacy@millerlawgroupnc.com
*Attorneys for Plaintiff*

7

FILED
DATE: February 21, 2025
TIME: 10:37:49 AM
ORANGE COUNTY
CLERK OF SUPERIOR COURT
BY: R. Miller

STATE OF NORTH CAROLINA

ORANGE COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
24 CV 3514-670

---

SINGLETON VISION CENTER, P.A.,

      Plaintiff,

  v.

BLUE CROSS BLUE SHIELD OF
NORTH CAROLINA,

      Defendant.

---

## [PROPOSED] ORDER GRANTING
## CONSENT MOTION FOR EXTENSION OF TIME

THIS MATTER comes before the Court upon Defendant Blue Cross NC's Consent Motion for Extension of Time to Answer or Otherwise Respond to Complaint ("Motion") pursuant to Rule 6(b) of the North Carolina Rules of Civil Procedure. The Motion seeks a 30-day extension of the February 21, 2025 deadline, through and including March 24, 2025, to answer or otherwise respond to the Complaint to allow Blue Cross NC time to investigate and analyze the claims at issue.

THE COURT, having considered the Motion, and for good cause shown, CONCLUDES that the Motion should be GRANTED.

THEREFORE, it is ORDERED that Defendant Blue Cross NC shall have until, through and including March 24, 2025, within which to answer or otherwise respond to the Complaint.

SO ORDERED, this the _____21st_____ day of _____February_____, 2025.

_____
2/21/2025 10:37:25 AM

Assistant CSC

2

FILED
DATE: February 14, 2025
TIME: 11:53:07 AM
ORANGE COUNTY
CLERK OF SUPERIOR COURT
BY: R. Miller

STATE OF NORTH CAROLINA

ORANGE COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
24 CV 3514-670

---

SINGLETON VISION CENTER, P.A.,

        Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF
NORTH CAROLINA,

        Defendant.

**STIPULATED PROTECTIVE ORDER**

---

**WHEREAS** Plaintiff Singleton Vision Center, P.A. ("Singleton") filed this civil action against Defendant Blue Cross and Blue Shield of North Carolina ("Blue Cross NC");

**WHEREAS** the information relevant to the issues in this action will likely include commercially-sensitive information, confidential information, competitive health care information, and/or personal health information;

**WHEREAS** N.C. R. Civ. P. 26(c)(vii) provides that the Court may, for good cause shown, require that a "trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way";

**WHEREAS** Rule 27(c) of the North Carolina General Rules of Practice for the Superior and District Courts provides that the court may "enter a protective order that contains standards and processes for the handling, filing, and service of a confidential document" and that parties "are encouraged to agree on terms for a proposed protective

order before submitting it to the court";

WHEREAS the parties consent to the entry of this Protective Order; and

WHEREAS the Court hereby finds that there is good cause to enter this Stipulated Protective Order to shield commercially-sensitive, confidential, and personal health information;

IT IS THEREFORE ORDERED that the following restrictions and procedures shall apply to Materials provided by any Producing Person that contain Confidential Information or Highly Confidential Information as defined herein.

A.     **Definitions**

For purposes of this Stipulated Protective Order, the following definitions apply:

1.     "Confidential Information" means any Material which contains any "trade secret or other confidential research, development, or commercial information," N.C. R. Civ. P. 26(c)(vii); protected personal information, including Protected Health Information as that term is defined by the Health Insurance Portability and Accountability Act, 45 C.F.R. Parts 160 and 164; and competitive health care information, as defined in Chapter 131E of the North Carolina General Statutes.

2.     "Highly Confidential Information" means any Confidential Information that the Producing Person in good faith deems that a reasonable basis exists for limiting dissemination of the material under the standards of Rule 26 of the North Carolina Rules of Civil Procedure and the material is of a highly proprietary or technical nature or constitutes trade secrets or competitively sensitive information such as financial or pricing

2

data that could potentially be used by the requesting party or another party to the litigation for commercial use or otherwise to harm competition or the competition position of the Producing Person or any other party or entity.

3. "Materials" means any document, information, or transcript of testimony that is provided to any party in connection with the litigation of this action.

4. "Producing Person" means any person that provides or has provided Materials, whether the person is a party or non-party to this action.

**B.** **Protection of Confidential Information and Highly Confidential Information in Discovery**

5. Whenever discovery is sought from any non-party in this action, a copy of this Order must accompany the discovery request or subpoena, unless a party has already provided the non-party with a copy of this Order. Non-parties may designate Materials as Confidential Information or Highly Confidential Information pursuant to the procedures set forth in this Order.

6. Any Producing Person (including through counsel) may designate all or any part of any Materials as Confidential Information or Highly Confidential Information to the extent the Producing Person determines in good faith that the Materials include Confidential Information or Highly Confidential Information, and that such designation is necessary to protect the interests of the Producing Person. For designations of Confidential Information or Highly Confidential Information the designations shall be made by using the labels as appropriate: "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – PRODUCED PURSUANT

3

TO PROTECTIVE ORDER".

7. To the extent that examining counsel at a deposition intends to use Confidential Information or Highly Confidential Information during the deposition, counsel shall ensure that such information is disclosed only those individuals to which such information is permitted to be disclosed by this Order and shall take all steps necessary to protect the confidentiality of such information, including the removal of individuals from the room unauthorized to receive the disclosure of the confidential information. All transcripts of depositions, including deposition exhibits, taken in this action after entry of this Order will be treated as Highly Confidential Information in their entirety for twenty-one (21) days after the date a copy of the final transcript has been made available to the deponent (or to the deponent's counsel, if applicable) for review. It is the obligation of the first party that noticed the deposition to arrange for the final transcript to be furnished to the deponent within five (5) business days of receipt, unless the deponent has arranged to receive a copy of the final transcript directly from the court reporter. During the twenty-one (21) days following receipt of the final transcript, the deponent may designate all or any part of the testimony as Confidential Information or Highly Confidential Information. Such designations must be provided in writing by the deponent to all parties. For purposes of this paragraph, a transcript that is available for the deponent to read-and-sign is considered a final transcript.

8. Any production of Materials not designated as Confidential Information or Highly Confidential Information will not be deemed a waiver of any future claim of

confidentiality concerning such Materials if the Producing Person later designates the Materials as Confidential Information or Highly Confidential Information. If at any time prior to the trial of this action, a Producing Person realizes that it should have designated as Confidential Information or Highly Confidential Information any of that Person's Materials previously produced during discovery in this action, it may so designate such Materials by notifying the parties in writing. The parties shall thereafter treat the Materials pursuant to the Producing Person's new designation under the terms of this Order. The disclosure of any information for which disclosure was proper when made will not be deemed improper regardless of any such subsequent confidentiality designation.

9.      Inadvertent production of any document provided by any Producing Person in this litigation, including in response to any discovery request, subpoena, or agreement by any party or non-party, that the Producing Person later determines in good faith should have been withheld from production on grounds of a privilege, including attorney-client privilege and the work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege or work product protection, subject to the following provisions:

a.      The Producing Person may request the return of any Inadvertently Produced Privileged Document by identifying the Inadvertently Produced Privileged Document and stating the basis for the claim that the Document should have been withheld and providing a privilege log that provides the information anticipated by N.C. R. Civ. Proc. 26(b)(5) and the identification of (1) all recipients of the document as reflected on

5

the document and in that document's metadata, if applicable, and (2) the files or sources from which the document was collected. If a Producing Person requests the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged Document then in the possession of one or more parties, the possessing parties shall, within five (5) business days, sequester, destroy, or return to the requesting party or non-party, the Inadvertently Produced Privileged Document and all copies thereof, provided, however, that the receiving party may retain one (1) copy of such Inadvertently Produced Privileged Document for the sole purpose of challenging the assertion of privilege by the producing party, in which case: (1) the receiving party shall notify the producing party in writing of its intention to retain a copy for such purpose within ten (10) business days of the receipt of the notice demanding return of such Inadvertently Produced Privileged Document, and (2) either party may thereafter seek a ruling from the Court with respect to the issue of whether the Inadvertently Produced Privileged Document is indeed privileged, whether by way of a motion to compel, motion for a protective order, or otherwise. All such motions shall be submitted in camera. Absent an order from the Court, no Inadvertently Produced Privileged Document shall be used for any purpose other than for challenging an assertion of privilege in accordance with the terms of this Paragraph.  The Producing Person retains the burden of establishing the privileged or protected nature of the Produced Privileged Document.  Absent the Court's ruling that the Inadvertently Produced Privileged Document is not subject to a valid privilege claim, the possessing party must promptly expunge from any other document or material any information solely derived from the

6

Inadvertently Produced Privileged Document.

      b.     No party may assert as a ground for challenging privilege the mere fact of the inadvertent production. Nothing in this Order shall preclude a party from arguing based on the underlying facts and circumstances that the production of the allegedly inadvertently produced document was not inadvertent or that conduct since production of the allegedly inadvertently produced document constitutes a waiver.

      c.     If the request for return of an Inadvertently Produced Privilege Document involves redaction of the Document, the redacted version of the Document must be provided within ten (10) business days together with a privilege log that includes the information anticipated by N.C. Rule Civ. Proc. 26(b)(5) and the identification of (1) all recipients of the document as reflected on the document and in that document's metadata, if applicable, and (2) the files or sources from which the document was collected.

      d.     If the request for return of an Inadvertently Produced Privilege Document occurs during the taking of a deposition or shortly before the occurrence of a deposition, the Producing Person's counsel, the examining counsel, and defending counsel shall meet and confer in good faith at the earliest possible opportunity to determine appropriate steps under the circumstances, consistent with this Order. In the event the claim of privilege is withdrawn or the Court determines the document to be not subject to a valid claim of privilege, if counsel for the parties and other defending counsel do not agree otherwise, the Court shall determine any appropriate remedy, including whether and to what extent a reopening of the deposition may be necessary including a reopening that

7

would have the effect of extending the time limit for a duration of a deposition. Nothing in this Paragraph prohibits examining counsel to *voir dire* a deponent about the grounds for the privilege asserted concerning the Document.

        e.     If an expert report or expert's testimony uses a document that another party identifies as an Inadvertently Produced Privileged Document after service of the expert's report or rendition of the expert's testimony, then the party sponsoring the expert report or expert testimony will, subject to the procedures in this Order, and if necessary, remove any reference to the Inadvertently Produced Privileged Document from the expert's report or expert's testimony and be allowed to substitute other documents or information for the Inadvertently Produced Privileged Document. Neither the expert's report not the expert's testimony can be stricken in whole on the ground that the expert's report or expert's testimony had previously relied on an Inadvertently Produced Privileged Document. In the event that an expert's report or expert's testimony has relied on an Inadvertently Produced Privileged Document, the parties agree to meet and confer on a schedule to allow the party propounding an implicated expert report (whether an initial, response, or rebuttal report) to modify or supplement such expert report within a reasonable period of time.

        10.     The parties and third parties desire to ensure the privacy of patient records and other information that the parties have determined might contain Confidential Health Information ("CHI") and agree that a Producing Party may designate CHI as Confidential Information at a minimum and, as such, subject to the terms of this Order. The parties and

8

third parties also seek to ensure that any person who receives and stores CHI in connection with this proceeding will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any CHI and to prevent unpermitted use or disclosure of any confidential health information they may receive from any person in connection with this proceeding. CHI will be securely returned or destroyed pursuant to the provisions of this Order. As used in this Order, Confidential Health Information or CHI shall mean any patient health information protected by any state or federal law, including but not limited to "Protected Health Information" or "PHI" as set forth in 45 C.F.R. § 160.103.

**C.**     <u>**Challenges to Designation of Confidential Information or Highly Confidential Information**</u>

11.      Any party may challenge any designation of any Materials as Confidential Information or Highly Confidential Information. In the event of such a challenge, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the party challenging the designation may thereafter file a motion seeking resolution by the Court. The burden of persuasion in any such challenge proceeding will be on the Producing Person. The designated information shall be treated in accordance with its confidentiality designation under this Order until the Court rules on the motion.

12.      Nothing in this Order constitutes an admission by any party that Confidential Information or Highly Confidential Information disclosed in this action is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of any Materials designated as Confidential Information or Highly Confidential

9

Information in accordance with applicable law.

**D.    Disclosure of Confidential Information or Highly Confidential Information**

13.    Unless otherwise ordered by this Court, or otherwise provided in this Stipulated Protective Order, Confidential Information or Highly Confidential Information will be held and used by the person receiving the Confidential Information or Highly Confidential Information solely in connection with and for purposes of the above-captioned action.

14.    Any Materials that contain Confidential Information shall not be disclosed to any person, except:

a.    The Court and all persons assisting the Court in this action, including court reporters and members of the Clerk's Office.

b.    The parties' outside attorneys and employees, and independent contractors retained by any party to assist in the litigation of this action or otherwise assist in its work (including testifying or consulting experts and their support staff).

c.    Outside vendors or service providers (such as copy-service providers and document-management consultants) retained by any party to assist in the litigation of this action or otherwise assist in its work, but only on the condition that each such person shall be asked to sign an agreement to be bound by this Stipulated Protective Order in the form attached as Exhibit A.

d.    Authors, addressees, and recipients of any particular Materials designated as Confidential Information, solely to the extent that they have previously had

10

lawful access to the particular Materials disclosed or to be disclosed.

e.     Persons (and their counsel) whom any Plaintiff or Defendant believes, in good faith, to have previously had lawful access to any Material designated as Confidential Information, or who have been participants in a communication that is the subject of the designated Confidential Information and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such Confidential Information to which they may have had lawful access or that is the subject of the communication in which they may have participated; provided that, unless and until the person or their counsel confirms that the person had prior lawful access or was a participant, only as much of the Confidential Information may be disclosed as may be necessary to confirm the person's prior lawful access or participation; and

f.     In-house lawyers (and necessary support staff) for each of the parties in this action ("In-House Lawyers") may have access to Confidential Information (but not Highly Confidential Information) of a Producing Person. Each party shall provide to the other party and to any Producing Person who has Confidential Information that may be disclosed to the In-House Lawyers a signed declaration from each of the In-House Lawyers and all necessary support staff declaring that he/she has read this Protective Order, understands that he/she may use Confidential Information only for the purpose of this litigation, and will comply with and be personally bound by this Protective Order.

15.     Highly Confidential Information may be disclosed only to any person falling within categories (a) through (e) of Paragraph 14.

16.     In the event that a party intends to disclose Highly Confidential Information to a consultant or expert who works, or has a present plan to work, either as an employee or a consultant in the healthcare industry and who negotiates or consults on the negotiations, or has any role in the review or approval of such negotiations, between healthcare providers located in North Carolina and health insurers (an "Industry Participant"), then such party (the "Notifying Party") shall notify the Producing Person, and provide ten (10) business days written notice during which the Producing Person may seek an Order from the Court precluding such disclosure. The Notifying Party must not disclose any such Highly Confidential Information to an Industry Participant absent either a ruling from the Court rejecting the challenge of the Producing Person or the passage of ten (10) business days without written notice from the Producing Person that it is seeking an Order from the Court precluding disclosure. In the event that a party intends to disclose Highly Confidential Information to an Industry Participant, before receiving any Confidential Information, the Industry Participant must sign an agreement to be bound by this Order in the form attached as Exhibit A. It is expressly understood that "Industry Participant" excludes academics, accountants, behavioral psychologists, economists, IT consultants, statisticians, and attorneys, whose primary role in the industry is testifying or consulting in legal and regulatory proceedings.

17.     Prior to a party's disclosure or display of Confidential Information or Highly Confidential Information to any person in (b), (c), (e), or (f) of Paragraph 14, counsel for the party must:

12

a. Inform the person of the confidential nature of the Material; and

b. Inform the person that this Court has enjoined the use of the Material by him/her for any purpose other than this litigation (except as provided in this Order) and has enjoined the disclosure of the Material to any other person (except as provided in this Order).

18. Nothing contained in this Order affects or restrict the rights of any party with respect to its own Materials.

19. In the event of a disclosure of any Confidential Information or Highly Confidential Information to any person(s) not authorized to receive such disclosure under this Order, the party responsible for having made such disclosure shall promptly notify the Producing Person whose Material has been disclosed and provide to such Producing Person all known relevant information concerning the nature and circumstances of the disclosure. The disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. Unauthorized or inadvertent disclosure shall not change the confidential status of any disclosed Material or waive the right to maintain the disclosed Material as containing Confidential Information or Highly Confidential Information.

20. Any order of this Court requiring the production of any Materials constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11).

**E. Use of Confidential Information or Highly Confidential Information in This Action**

13

21.     If any Confidential Information or Highly Confidential Information is to be included in any pleading, motion, exhibit, or other paper to be filed with the Court, the party making the filing shall file such Information under seal.

22.     Nothing in this Order restricts any person, including any member of the public, from challenging the filing of any Confidential Information or Highly Confidential Information under seal.

23.     Any pleading that contains or refers to Confidential Information or Highly Confidential Information (or attaches such Confidential Information or Highly Confidential Information), in addition to being filed Under Seal as set forth in this Order and if reasonably practical to do so, shall be filed publicly in a redacted form so as to eliminate or obscure all references to Confidential Information or Highly Confidential Information.

24.     Disclosure at trial of any Materials designated as Confidential Information or Highly Confidential Information will be governed by Court order. The parties shall meet and confer and submit a recommended order no later than sixty (60) days before trial, outlining those procedures. The parties shall provide a copy of the recommended order to all Producing Persons who have produced Confidential Information or Highly Confidential Information that the parties reasonably anticipate will be utilized at trial. A Producing Party who receives such notice shall be permitted to file any counter-recommendations or objections no later than thirty (30) days before trial and request a hearing. Absent a ruling from the Court to the contrary, any Material designated as Confidential Information or

14

Highly Confidential Information that appears on an exhibit list or in deposition designations that is admitted into evidence at trial will be disclosed on the public record, and any examination relating to such Material will likewise be disclosed on the public record, after compliance with processes established by this Court.

**F.**     <u>**Procedures upon Termination of This Action**</u>

25.     The obligations imposed by this Order survive the termination of this action unless the Court, which shall retain jurisdiction to resolve any disputes arising out of this Order, orders otherwise. At the conclusion of litigation, all Confidential Information or Highly Confidential Information, and any copies thereof, shall be promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to appeal) returned to the Producing Person or certified as destroyed.

26.     The foregoing is entirely without prejudice to the right of any party or non-party to apply to the Court for any further Protective Order relating to Confidential Information or Highly Confidential Information, to object to the production of documents or information, to apply to the Court for an order compelling production of documents or information, or for modification of this Order.

      **SO ORDERED this the**    14th of February, 2025

                                    2/14/2025 10:07:46 AM

                                        Signed:

                                     The Honorable R. Allen Baddour,
                                     Superior Court Judge Presiding