IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

**SINGLETON VISION CENTER, P.A.,**

    Plaintiff,

v.                                        **CIVIL ACTION NO. 1:25-CV-229**
                                                Judge Bailey

**BLUE CROSS AND BLUE SHIELD
OF NORTH CAROLINA,**

    Defendant.

## ORDER

Pending before this Court is Plaintiff's Motion to Remand Action to State Court and Memorandum in Support [Doc. 14], filed April 21, 2025.[1] Defendant Blue Cross and Blue Shield of North Carolina ("Blue Cross NC") filed an Opposition [Doc. 16] on May 7, 2025. Plaintiff filed a Reply [Doc. 19] on May 20, 2025. For the reasons that follow, this Court will deny plaintiff's Motion.

## BACKGROUND

This case concerns the alleged failure of Blue Cross NC to pay plaintiff according to the terms of the contract between the two parties. Plaintiff is an ophthalmology practice that, in February 2016, entered into a Network Participation Agreement with Blue Cross NC. [Doc. 3 at ¶¶ 1, 6]. Under the Network Participation Agreement, plaintiff "agree[d] to

---

[1] Contrary to Local Rule 7.3(a), plaintiff filed its Motion and supporting brief as a single document. *See* **Life Ins. Co. of the S.W. v. Hills**, 2020 WL 1322873, at *1 n.1 (M.D. N.C. Mar. 20, 2020) (Tilley, Jr., J.). Plaintiff filed a "modified" Memorandum on April 24, 2025. *See* [Doc. 15].

1

render Medically Necessary Covered Services" to Blue Cross Members and "to accept as payment in full for Covered Services . . . the lesser of [its] usual charge or the amount specified in the attached Reimbursement Exhibit(s)." [Doc. 1-2 at §§ 2.1.1, 4.1].

The Network Participation Agreement includes this choice-of-law and forum selection clause:

> <u>Governing Law</u>. This Agreement will be governed and construed in accordance with the laws of the State of North Carolina, excluding its choice of law and/or conflicts of law provisions. The parties hereby consent and agree that the venue for any legal action under or relating to this Agreement will be in Durham or Orange County in the State of North Carolina.

[Doc. 1-2 at § 6.7].

Plaintiff alleges in or about Spring 2017, plaintiff "noticed that, on many claims it submitted to [Blue Cross NC] under the contract and continuing to at least the date of this complaint, [Blue Cross NC] failed to pay [plaintiff] in accordance with the terms of the contract." [Doc. 3 at ¶ 15]. Plaintiff asserts it made multiple attempts to address the issue with Blue Cross NC, following the procedures outlined in the Network Participation Agreement. [Id. at ¶ 18; Doc. 1-2 at § 6.5.1]. Plaintiff alleges despite these efforts, which spanned years, the underpayments continued, even after an adjustment to the reimbursement schedule that took effect on May 1, 2025. [Id. at ¶¶ 10–11, 18, 20].

Plaintiff filed suit in Orange County Superior Court on December 19, 2024, asserting state-law claims for breach of contract and unfair and deceptive trade practices. *See* [id.]. Blue Cross NC filed its Notice of Removal on March 21, 2025, pursuant to 28 U.S.C. §§ 1331, 1441, 1442, and 1446. *See* [Doc. 1].

2

On April 21, 2025, plaintiff filed the instant Motion. *See* [Doc. 14]. Plaintiff does not contest this Court's subject matter jurisdiction based on federal officer removal or ERISA preemption. Instead, plaintiff's sole basis for remand is the forum selection clause, arguing removal was improper because Orange County lacks a federal courthouse.

## STANDARD OF REVIEW

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." ***Mulcahey v. Columbia Organic Chems. Co.***, 29 F.3d 148, 151 (4th Cir. 1994). Out of "[d]ue regard for the rightful independence of state governments ... [federal courts must] scrupulously confine their own jurisdiction to the precise limits which the statute has defined." ***Healy v. Ratta***, 292 U.S. 263, 270 (1934). Matters can be removed to federal court only when they could have been brought in federal court in the first instance. *See* 28 U.S.C. § 1441(a). For example, federal courts have jurisdiction over any case that implicates a question of federal law, and such a case can therefore generally be removed to federal court. *See* 28 U.S.C. § 1331.

However, a contractual forum selection clause is enforceable absent fraud or bad faith. *See* ***M/S Bremen v. Zapata Off-Shore Co.***, 407 U.S. 1, 15 (1972). It is also well-settled that a party may waive its right to remove an otherwise removable case through a forum selection clause. *See* ***Bartels v. Saber Healthcare Grp., Inc.***, 880 F.3d 668, 674–75 (4th Cir. 2018) (collecting cases); *accord* ***FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC***, 626 F.3d 752, 755 (4th Cir. 2010).

3

Case 1:25-cv-00229-JPB-JLW    Document 20    Filed 05/20/25    Page 3 of 8

**DISCUSSION**

Plaintiff fails to demonstrate that the forum selection clause requires remand for two (2) reasons.

**I. Removal to this Court satisfies the forum selection clause because this District has a federal courthouse in Durham County.**

The forum selection clause permits venue "in Durham or Orange County in the State of North Carolina." [Doc. 1-2 at § 6.7 (emphasis added)]. Plaintiff's Motion focuses on Orange County's lack of a federal courthouse, ignoring the clause's disjunctive "or" and the fact that this District maintains a federal courthouse in Durham County. *See* United States District Court Middle District of North Carolina, *Court Locations*, https://www.ncmd.uscourts.gov/court-info/court-locations (listing Greensboro, Winston-Salem and Durham as court locations for the Middle District of North Carolina) (last visited May 20, 2025).

"Where a forum selection clause provides for 'exclusive jurisdiction and venue in the courts "in" a county,' venue is proper in both 'state and federal courts located in that county.'" **U.S. Crane & Rigging, Inc. v. EC Source Servs., LLC**, 2023 WL 1797893, at *2 (W.D. Va. Feb. 7, 2023) (Urbanski, C.J.) (cleaned up) (quoting **Simonoff v. Expedia, Inc.**, 643 F.3d 1202, 1207 (9th Cir. 2011)). Federal courts routinely apply this well-established principle. *See, e.g.*, **Simonoff**, 643 F.3d at 1206 (clause designating "the courts in King County" included the federal district court within that county); **Alliance Health Grp., LLC v. Bridging Health Options**, 553 F.3d 397, 400 (5th Cir. 2008) (clause specifying "exclusive venue … shall occur in Harrison County" permitted suit in the federal courthouse located "in that county"); **Global Satellite Commc'n Co. v. Starmill U.K., Ltd.**,

4

Case 1:25-cv-00229-JPB-JLW    Document 20    Filed 05/20/25    Page 4 of 8

378 F.3d 1269, 1272 (11th Cir. 2004) (venue "in Broward County" included both state and federal courts situated there).

Because this Court sits, in part, in Durham County, Blue Cross NC's removal to the Middle District of North Carolina complies with the forum selection clause. The fact that there is no federal courthouse in Orange County is inconsequential. The forum selection clause contemplates that venue "will be in Durham <u>or</u> Orange County." [Doc. 1-2 at § 6.7 (emphasis added)]. The "ordinary use" of the word "or" "is almost always disjunctive, that is, the words it connects are to 'be given separate meanings.'" **United States v. Woods**, 571 U.S. 31, 45–46, (2013) (quoting **Reiter v. Sonotone Corp.**, 442 U.S. 330, 339 (1979)). This means it "separates word or phrases in the alternate relationship, indicating that either of the separated words or phrases may be employed without the other." **Rush v. Kijakazi**, 65 F.4th 114, 119 (4th Cir. 2023) (citing 1A Norman Singer & Shambie Singer, Sutherland Statutes and Statutory Construction § 21:14 (7th ed. 2022)).

The availability of a proper venue in Durham County renders the absence of a federal courthouse in Orange County irrelevant. Thus, this District's federal courthouse in Durham County satisfies the forum selection clause's requirements.

II. **The forum selection clause is permissive under controlling law.**

There are two (2) types of forum selection clauses: permissive and mandatory. "A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause, in contrast, dictates an exclusive forum for litigation under the contract." **Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.**, 378 F.3d 1269, 1272 (11th Cir. 2004). Federal law governs the question of whether a forum

5

selection clause is valid. See **Stewart Org., Inc. v. Ricoh Corp.**, 487 U.S. 22, 32 (1988). State contract law, on the other hand, governs the interpretation and construction of the clause itself. See **Halifax Linen Serv., Inc. v. Tidelife, Inc.**, 2019 WL 2812412, at *2–3 (E.D. N.C. July 2, 2019) (Dever, III, J.) (applying North Carolina law to interpret a forum selection clause due to the contract's North Carolina choice-of-law provision). Here, the Network Participation Agreement explicitly selects North Carolina as the governing law. [Doc. 1-2 at § 6.7].

Under North Carolina law, the language used in the Network Participation Agreement creates a permissive forum selection clause. The clause states venue "will be" in Durham or Orange County. The term "will" is functionally equivalent to "shall." See *Shall*, Black's Law Dictionary (12th ed. 2024) (defining "shall" as "will" when used in future-tense). North Carolina courts "have interpreted 'shall' by itself to be insufficient to create a mandatory forum-selection clause." **Halifax Linen Serv., Inc.**, 2019 WL 2812412, at *4 ("Thus, that the forum-selection clause at issue states that venue "shall be" in Halifax County Superior Court does not make the clause mandatory under North Carolina law.") (citing **Capital Bank, N.A. v. Cameron**, 231 N.C. App. 326, 330–31, 753 S.E.2d 153, 156 (2013); **Mark Grp. Int'l. Inc. v. Still**, 151 N.C. App. 565, 568, 566 S.E.2d 160, 162 (2002)).

"Importantly, 'when a jurisdiction is specified in a provision of contract, the provision generally will not be enforced as a mandatory selection clause without some further language that indicates the parties' intent to make jurisdiction exclusive.' **Mark Grp. Int'l**, 151 N.C.App. at 568, 566 S.E.2d at 162. "[M]andatory forum selection clauses recognized

6

by our appellate courts have contained words such as 'exclusive' or 'sole' or 'only' which indicate that the contracting parties intended to make jurisdiction exclusive." *Id. See, e.g.*, ***Internet E., Inc. v. Duro Commc'ns, Inc.***, 146 N.C.App. 401, 403, 553 S.E.2d 84, 85–86 (2001) (finding that an agreement contained a mandatory forum selection clause where the agreement provided that 'the State courts of North Carolina shall have sole jurisdiction ... and that venue shall be proper and shall lie exclusively in the Superior Court of Pitt County, North Carolina'); ***Appliance Sales & Serv., Inc. v. Command Elecs. Corp.***, 115 N.C.App. 14, 23, 443 S.E.2d 784, 790 (1994) (finding contractual language providing that 'the Courts in Charleston County, South Carolina shall have exclusive jurisdiction and venue' to be a mandatory forum selection clause). 'In the absence of such language, the clause is viewed as permissive, consistent with a consent to jurisdiction clause.' ***Gary L. Davis, CPA,*** [***P.A., v. Hall***], 223 N.C.App. 109, 112, 733 S.E.2d at 880." ***Capital Bank, N.A. v. Cameron***, 231 N.C. App. at 330–31, 753 S.E.2d at 156–57.

Here, the forum selection clause lacks any words indicating exclusivity, such as "exclusive," "sole," or "only." The forum selection clause is therefore permissive under North Carolina law. *See also* ***Barrett v. USA Serv. Finance, LLC***, 2019 WL 1051177, at *10 (E.D.N.C. Mar. 5, 2019) (Flanagan, J.) (clauses stating venue "shall be in Craven County" and controversies "shall be resolved in Craven County" were permissive absent exclusivity language); ***S.E. Caissons, LLC v. Choate Constr. Co.***, 784 S.E.2d 650, 654 (N.C. Ct. App. 2016) (clause stating "[v]enue … shall be in the city of Contractor's office" was "clearly non-mandatory").

7

As a permissive clause, the forum selection clause does not impair Blue Cross NC's right to remove this action to this Court.

## **CONCLUSION**

For the aforementioned reasons, Plaintiff's Motion to Remand Action to State Court [**Doc. 14**] is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: May 20, 2025.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE